PER CURIAM.
This case is before the Court on Petition for Suspension filed by The Florida Bar pursuant to Rule 11.07(4) of Article XI of the Integration Rule of The Florida Bar, said petition setting forth in part:
“On December 8, 1975, in U. S. v. Thomas A. Warren, Case No. 75-425-Cr-WM in the United States District Court for the Southern District of Florida, Miami, Florida, the Respondent was adjudicated guilty, after a jury trial, of the felonies of:
‘(W)illfully, knowingly, and unlawfully combine, conspire, confederate and agree with each other to commit offenses against the United States, to violate Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Section 963 and did willfully and knowingly transport and caused to be transported monetary instruments in an amount exceeding $5,000 without filing a report as required, in violation of Title 31, United States Code, Section 1058.’
“Respondent has been found guilty of conspiring to import marijuana into the United States. Respondent has also been found guilty of failing to file a required report when monetary instruments in an amount exceeding $5,000 are transported from the United States.”
The Florida Bar in its Response to Petition for Modification of Suspension Petition states:
“It is immaterial that Florida now views Respondent’s conduct, a federal felony, as a misdemeanor of the first degree. At the time the offense was committed, Florida viewed the offense as a felony of the third degree. Florida Statutes, Section 883.04 (1972). Respondent knew that he was engaged in conduct that was a violation of Florida and federal law. The issue is not whether Respondent’s conduct is viewed as less offensive by Florida’s legislature than by Congress, but by [sic] whether a Florida lawyer is entitled to continue as a member of the Bar and as an officer of the court after knowingly engaging in illegal conduct.”
*13 It is, thereupon, ordered by the Court that the Petition for Suspension is granted and Thomas A. Warren is suspended from The Florida Bar until further order of this Court, this Opinion to be published in the Southern Reporter. The suspension shall be effective on May 3, 1976, thereby giving Respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that Respondent shall not accept any new business. The filing of a petition for rehearing shall not alter the effective date of his suspension.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.